**FILED**

**July 27, 2016**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 1:04 P.M.**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Lazaro Valladares | ) Docket Nos. 2015-01-0117 |
| | ) 2015-01-0118 |
| v. | ) |
| | ) |
| Transco Products, Inc., et al. | ) State File Nos. 91964-2014 |
| | ) 39859-2014 |
| and | ) |
| | ) |
| Williams Specialty Services, LLC, et al. | ) |
| | ) |
| and | ) |
| | ) |
| Abigail Hudgens, Administrator of the | ) |
| Bureau of Workers' Compensation, | ) |
| Second Injury Fund | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims, | ) |
| Thomas Wyatt, Judge | ) |

---

**Affirmed and Remanded - Filed July 27, 2016**

---

In these consolidated interlocutory appeals, an employer and the Second Injury Fund present procedural issues questioning the trial court's denial of motions to dismiss the employee's claims and motions to alter or amend status conference orders. Additionally, the Second Injury Fund questions the trial court's authority to set a scheduling hearing *sua sponte*. Following a show cause hearing, which was set when no party requested a hearing within sixty days after the filing of dispute certification notices, the trial court held a status conference that resulted in the employee's being allowed more time to file a request for an expedited hearing. The trial court's orders instructed the parties to participate in a second status conference if the employee did not file a request for an expedited hearing by a specified date. Following a hearing on motions for dismissal and other motions by the employers and the Second Injury Fund, the trial court denied the motions and set a scheduling hearing. One employer and the Second Injury Fund have appealed. We affirm the trial court's denial of the various motions and remand the case for further proceedings as may be necessary.

1

Judge Timothy W. Conner delivered the opinion of the Appeals Board, in which Judge Marshall L. Davidson, III, joined. Judge David F. Hensley filed a separate concurring opinion.

Allison Lowry, Knoxville, Tennessee, for the appellant, Second Injury Fund

Joseph Ballard, Atlanta, Georgia, for the employer-appellant, Transco Products, Inc.

Chadwick Rickman, Knoxville, Tennessee, for the employee-appellee, Lazaro Valladares

David Weatherman, Memphis, Tennessee for the employer, Williams Specialty Services, LLC

## Factual and Procedural Background

On May 27, 2015, Lazaro Valladares ("Employee") filed two petitions for benefit determination with the Bureau of Workers' Compensation ("Bureau"). In the first petition, he alleged he slipped on gravel and fell on October 2, 2014, resulting in work-related injuries to his left arm, low back, and body while in the employment of Specialty Services, LLC ("Specialty Services"). In the second petition, he alleged he slipped and fell in the rain on November 5, 2014, while in the employment of Transco Products, Inc. ("Transco Products"), which caused work-related injuries to his right leg, left shoulder, and body.[1] Both petitions included the Second Injury Fund ("SIF") as a party.[2]

Employee alleged he reported both injuries to his employers. He apparently neither sought nor received medical care following the October 2, 2014 incident. After reporting the second incident, he was provided a panel of physicians by Transco Products.[3] He was seen twice by Dr. Rickey Hutcheson, the physician he selected from the panel, but he declined to return to Dr. Hutcheson after the second visit and requested that he be provided a different physician. Since that time, Employee has received medical care from a physician he selected on his own who was not authorized by Specialty Services or Transco Products. Except for Employee's indication that he has had surgery on his cervical spine, there is no information in the record regarding the nature or extent of Employee's medical treatment.

[1] No testimony has been given in this case and no affidavits or declarations made under penalty of perjury have been filed with the trial court. Accordingly, the limited facts presented herein are taken from the documents filed with the Bureau that are included in the technical record on appeal.

[2] The two claims were consolidated by the trial court.

[3] In numerous places throughout the record, reference is made to Employee's not having been provided a panel of physicians. However, it appears to be undisputed that he was given a panel as a result of his second alleged injury and that he chose a physician from that panel.

Following the filing of the petitions and unsuccessful efforts to resolve the claims through the Bureau's mediation process, dispute certification notices were filed on July 20, 2015. Because no party filed a request for hearing in either claim within 60 days of the filing of the dispute certification notices, on November 24, 2015, the claims were placed on a dismissal calendar for a show cause hearing, which was scheduled for December 21, 2015.[4]

At Employee's request, the parties agreed to continue the show cause hearing to January 12, 2016. Following the hearing, the trial court issued show cause orders that extended the time for Employee to decide how to proceed until January 29, 2016 and scheduled a status conference for that date. These orders required Employee's attorney to inform the court during the January 29, 2016 status conference how Employee intended to proceed and addressed the dates by which requests for an expedited hearing or an initial hearing were to be made:

> If [Employee's attorney] informs the Court at the Status Conference that his client intends to file a Request for Expedited Hearing, the Court will enter an order requiring that he file the Request for Expedited Hearing within five business days from January 29, 2016, or, failing such, his claim will be dismissed without prejudice. If [Employee's attorney] informs the Court at the Status Conference that his client requests an Initial (Scheduling) Hearing, the Court will schedule [the claims] for a Compensation Hearing.

Following the January 29, 2016 status conference, orders were entered noting Employee's request for additional time to obtain an expert medical opinion and the SIF's objection to the request and its own requests that the court schedule a compensation hearing. The trial court granted Employee until February 29, 2016 to file requests for expedited hearings, stating in its February 5, 2016 orders that "[i]f [Employee] has not filed a Request for Expedited Hearing on or before February 29, 2016, the parties shall call . . . on March 10, 2016, to schedule a Compensation Hearing and the attendant deadlines." In addition, the orders provided that, should Employee file requests for expedited hearings on or before February 29, 2016, "the Court will not conduct the scheduling conference on March 10, 2016." The orders allowed the parties "to engage in discovery at this time . . . ." The February 5, 2016 orders were not appealed.

Employee did not file a request for a hearing, and on March 4, 2016, the court clerk issued docketing notices setting an initial hearing on March 10, 2016. However, prior to the March 10 hearing, but more than 30 days after entry of the February 5, 2016

---

[4] See Tenn. Comp. R. & Regs. 0800-02-21-.12(1) (2015) ("Immediately after a dispute certification notice has been filed with the clerk, either party seeking further resolution of any disputed issues shall file a request for a hearing . . . . If no request for hearing is filed within sixty (60) calendar days after the date of issuance of the dispute certification notice, the clerk shall docket the case and place the case on a separate dismissal calendar for a show cause hearing.")

status conference order, the SIF filed a motion to alter or amend the February 5, 2016 status conference order and for entry of a dismissal order. The SIF contended in its motion that the trial court had no authority to set an initial hearing, arguing that "since no request for hearing has been filed, it is the position of the SIF that this matter can only be set *sua sponte* by this Court for a Show Cause hearing." The SIF requested the trial court to "alter or amend its Status Conference Orders insofar as those Orders [and the subsequent Docketing Notices] set this matter for an initial/scheduling conference on March 10, 2016, and instead set this matter for a final show cause hearing on that date for entry of an Order of Dismissal in accordance with this Court's Order of January 13, 2016 . . . ." (Brackets in original.) On March 8, 2016, the SIF filed a "Motion to Set Final Show Cause Hearing on March 10, 2016, or, in the Alternative, to Continue Initial Hearing." On the same date, the SIF filed a "Supplemental Motion to Alter or Amend Status Conference Orders and to Set for Final Show Cause Hearing." The SIF again asserted in its motions that "since no request for hearing has been filed, it is the position of the SIF that this matter can only be set *sua sponte* by this Court for a Show Cause hearing." The SIF requested that, rather than conduct an initial/scheduling conference on March 10, 2016, the court "instead set this matter for a final show cause hearing on that date."

At the March 10, 2016 hearing, the parties announced they were in agreement to continue the initial/scheduling hearing. Based on the parties' discussions with the court, the court continued "the Initial (Scheduling) Hearing" to March 29, 2016 and allowed "[a]ny party wishing to file written opposition to the [SIF's] motions [to] do so no later than March 22, 2016." The trial court's March 11, 2016 order stated that Employee's counsel "shall further report on his client's medical progress during the . . . hearing." Additionally, the court's order stated that the court "informed counsel that, at the motion hearing, they should announce their clients' positions as to whether a bifurcated hearing on the disputed legal/causation issues in these claims is in order to move this claim forward more expeditiously."

Thereafter, Transco Products filed a motion to dismiss pursuant to Rule 12 of the Tennessee Rules of Civil Procedure, asserting that the dispute certification notice filed in the claim against it limited the issues to "whether Employee is entitled to a second opinion following the selection of his authorized treating physician." Contending Employee was not entitled to a second opinion, Trancso Products asserted that Employee could not prevail against it without such opinion and that the claim against it should, therefore, be dismissed. Specialty Services likewise filed a motion to dismiss asserting "the mere fact that Employee fell at work is not sufficient to maintain an action against [Specialty Services] when there is no evidence of any resulting injury." In addition, Specialty Services adopted the SIF's motion to dismiss. Alternatively, Specialty Services moved the court for a more definite statement of the claims asserted against it.

4

Employee filed a response to the SIF's motions, requesting that the trial court "schedule these matters for a Compensation Hearing." Because both employers filed potentially dispositive motions, to which the Practices and Procedures of the Court of Workers' Compensation Claims allows an employee thirty days to respond, the trial court issued a docketing notice on April 11, 2016 scheduling an in-person hearing to address all pending motions on May 18, 2016. On the scheduled hearing date, Employee filed a response to Transco Products' motion to dismiss, requesting again that the trial court "schedule this matter for a Compensation Hearing."

Following the May 18, 2016 hearing, the trial court entered an order denying the SIF's motion to alter or amend the status conference orders. The trial court determined that "it is not required to await a party's request for an Initial (Scheduling) Hearing, but may schedule an Initial (Scheduling) Hearing *sua sponte* if it deems such is necessary to move a case toward an efficient and timely conclusion." Additionally, the trial court determined the SIF's argument for dismissal of Employee's claim was based on "an incorrect interpretation of the Court's January 13, 2016 order," and was without merit. Finally, the trial court set an initial hearing for June 15, 2016 "at which time it will schedule the Compensation [Hearing] and attendant deadlines in these claims."

Similarly, the trial court denied Transco Products' motion to dismiss, determining that although "the Court considered Transco's motion unopposed," the lack of opposition to a motion does not require the court to "automatically grant the relief moved for." Determining that Transco Products' Rule 12 motion was "based on the allegation that [Employee's] [petition for benefit determination] . . . failed to state a claim recognized by law," the trial court concluded that Employee provided "a short and plain statement communicating that he sought workers' compensation benefits for the described work-related injury." The trial court also determined that the dispute certification notice did not limit his request for relief to a second medical opinion, but sought "a new treating physician and, potentially, other remedies for Transco's failure to provide him a panel of physicians." The trial court considered "it appropriate to review the [dispute certification notice] in considering whether [Employee] has sufficiently stated a claim," and concluded that "[c]learly, [Employee] seeks remedies other than a second opinion."

The trial court also denied Specialty Services' motion to dismiss and its motion to alter or amend the status conference orders. However, in light of Employee's counsel's agreement during the May 18 hearing, the trial court granted Specialty Services' motion for a more definite statement, ordering that Employee "file . . . a more definite statement regarding the alleged injury he sustained in the course and scope of his employment [with Specialty Services]."

On June 7, 2016, the SIF filed a motion to stay the proceedings pending an appeal, asserting that "[i]n the event the Appeals Board modifies or reverses [the trial court's] interlocutory order, it would be in the interest of judicial economy and efficiency to stay

the Initial Hearing and further proceedings in this Court until prompt resolution of the appeal." The trial court granted the motion and stayed "all further proceedings in these claims pending the completion of the [SIF's] appeal" and cancelled "the Initial (Scheduling) Hearing scheduled for June 15, 2016." Both the SIF and Transco Products have appealed.

**Standard of Review**

The standard we apply in reviewing a trial court's decision is statutorily mandated and limited in scope. Specifically, "[t]here shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." Tenn. Code Ann. § 50-6-239(c)(7) (2015). The trial court's decision must be upheld unless the rights of a party "have been prejudiced because findings, inferences, conclusions, or decisions of a workers' compensation judge:

(A) Violate constitutional or statutory provisions;
(B) Exceed the statutory authority of the workers' compensation judge;
(C) Do not comply with lawful procedure;
(D) Are arbitrary, capricious, characterized by abuse of discretion, or clearly an unwarranted exercise of discretion; or
(E) Are not supported by evidence that is both substantial and material in the light of the entire record."

Tenn. Code Ann. § 50-6-217(a)(3) (2015). Like other courts applying the standards embodied in section 50-6-217(a)(3), we will not disturb the decision of the trial court absent the limited circumstances identified in the statute.

**Analysis**

*Transco Products' Appeal*

In its brief on appeal, Transco Products raises two issues, which we have restated as whether the trial court erred in allowing Employee to present oral argument at the May 18, 2016 hearing in opposition to Transco Products' motion to dismiss, and whether the trial court erred in determining that Employee sufficiently stated a claim for relief. We find no merit in either issue.

Whether Trial Court Erred in Allowing Oral Argument Opposing
Transco Products' Motion to Dismiss

Rule 4.01(B) of the Practices and Procedures of the Court of Workers' Compensation Claims provides the following guidance with respect to the time within which a party must respond to a dispositive motion:

6

If a dispositive motion is opposed, a response to the motion must be filed and served . . . on or before thirty calendar days after the filing of the dispositive motion. The response shall be in writing and shall state with particularity the grounds for the opposition. If no opposition is filed, the dispositive motion will be considered unopposed.

Employee filed a response to Transco Products' March 18, 2016 motion to dismiss the morning of the May 18, 2016 hearing, which was significantly more than 30 days after the filing of the dispositive motion. Transco Products objected to the late filing, and the trial court refused to consider the written filing, stating it was "going to consider the motion to be unopposed" in accordance with Rule 4.01(B). Nonetheless, the trial court allowed Employee's counsel to argue his position at the hearing and granted Transco Products' request for time to respond in writing to the Employee's oral argument. However, in its June 2, 2016 order denying the motion to dismiss, the court noted that it "does not consider the term 'unopposed' as used in Rule 4.01(B) as a requirement that it automatically grant the relief moved for. The moving party must still show entitlement under the law to the relief moved for." The trial court did not address Employee's oral argument in its order denying the motion to dismiss, but determined that the motion to dismiss was based on Employee's alleged failure to state a claim for relief under Rule 12.02(6) of the Tennessee Rules of Civil Procedure.

Transco Products asserts on appeal that "if any rational[] basis exists to grant an unopposed motion, the Trial Court is bound to grant said motion." Transco Products has cited no authority in support of this argument. Neither Rule 4.01(B) nor any other applicable rule prohibits a trial court from deciding motions on their merits. Likewise, the Bureau's regulations do not prohibit a trial court from considering the merits of an unopposed motion. *Cf. Rochelle v. Oscar Mayer Foods Corp.*, No. 01-S-01-9207-CH-00087, 1992 Tenn. LEXIS 748, at *12 (Tenn. Workers' Comp. Panel Jan. 19, 1993) (Local rules of practice requiring a response to an opposed motion to be filed and providing that the court may dispose of the motion as unopposed if no response is filed "do[] not prohibit any court from deciding questions on their merits."). Accordingly, under the circumstances presented, we discern no error in the trial court's allowing Employee to orally express his opposition to Transco Products' motion to dismiss at the hearing. We also find no error in the trial court's decision to consider the merits of the motion despite the lack of a written response.

## Whether Employee Sufficiently Stated a Claim for Relief

The second issue Transco Products raises on appeal is whether Employee stated an actionable claim against it. In its brief on appeal, it asserts that "[t]o test the sufficiency of Employee's pleading, [it] filed a Motion to Dismiss to determine whether Employee has set forth a valid claim for which relief can be granted." Noting the trial court's reliance on *Trau-Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 696 (Tenn. 2002),

and asserting that the trial court "essentially equates Employee's [petition for benefit determination] to the filing of a complaint," Transco Products contends "the sparse facts contained within the [petition for benefit determination], without more, do not survive a Motion to Dismiss."

In analyzing this issue, the trial court noted that Employee filed his claim against Transco Products by completing a petition for benefit determination. The trial court observed that "[w]hen read as a whole, [Employee's] petition for benefit determination against Transco states that he injured his 'right leg, left shoulder and body' when he 'slipped and fell in rain while carrying [an] MRI panel' on '11/05/2014.'" The court concluded that "the petition for benefit determination filed by [Employee] provided Transco a short and plain statement communicating that he sought workers' compensation benefits for the described work-related injury. Accordingly, Transco is not entitled to dismissal under Rule 12.02(6)." We agree.

In order to commence a cause of action within the applicable limitations period, an injured worker must timely file a petition for benefit determination. Tenn. Code Ann. § 50-6-203(b). A petition for benefit determination is defined as "a request for the [Bureau] to provide assistance in the resolution of any disputed issues in a workers' compensation claim." Tenn. Comp. R. & Regs. 0800-02-21-.02(19) (2015). We have noted that a petition for benefit determination is the general equivalent of a complaint because it initiates the process for resolving disputes whether or not benefits have been paid. *See Duck v. Cox Oil Co.*, No. 2015-07-0089, 2016 TN Wrk. Comp. App. Bd. LEXIS 2 (Tenn. Workers' Comp. App. Bd. Jan. 21, 2016); *see also* Black's Law Dictionary (6th ed. 1990) (defining a "complaint" as "the original or initial pleading by which an action is commenced" and a "petition" as "a formal written application to a court requesting judicial action on a certain matter.").[5] This means that, when faced with the type of motion to dismiss as was filed in this case, the trial court will consider whether, assuming the truth of the employee's averments, the employee can prove no set of facts entitling him or her to relief.[6]

---

[5] In his concurrence, our colleague argues that the filing of a petition for benefit determination and a dispute certification notice "occurs before the point in time at which the Tennessee Rules of Civil Procedure have attached to the process." While we agree with this statement in the abstract, we find nothing in the statute or regulations that prohibits a trial court from examining these filings once the Rules of Civil Procedure *are* applicable, as they are here, to determine their sufficiency in the context of a pending motion. Moreover, our colleague asserts that "the analysis fails to address the procedure established in the Reform Act for presenting disputed issues to the trial court." We disagree. Nothing in the statute or regulations prohibits a party from utilizing Tenn. R. Civ. P. 15.01 or Tennessee Code Annotated section 50-6-239(b), as applicable, to amend such filings by use of a motion, as opposed to filing a request for expedited hearing. Indeed, the trial court in this case granted an employer's motion for more definite statement, thereby giving the employee an opportunity to amend the allegations in his petition for benefit determination.

[6] Tennessee Rule of Civil Procedure 12.02(6) governs motions to dismiss for failure to state a claim upon

As noted above, Employee's petition for benefit determination naming Transco Products as a party alleged an injury to his "right leg, left shoulder and body" when he "slipped and fell in rain while carrying [an] MRI panel" on "11/05/2014." He characterized the disputed issue as the "right to medical treatment under Tenn. Code Ann. 50-6-204." He indicated that he had not been provided a panel of physicians, identified the doctor he had seen for the injury, and described the medical care provided to include "x-ray of right leg, MRI." In addition, he indicated that the SIF was involved. The trial court determined Employee's petition sufficiently stated a cause of action and declined to dismiss the case. Taking the assertions in the petition as true for purposes of Rule 12.02(6) as we must, *see Bell*, 986 S.W.2d at 554, we find no error in the trial court's denial of Transco Products' motion to dismiss.

### The Second Injury Fund's Appeal

The SIF presents two issues on appeal. First, it alleges the trial court erred in setting the cases for an initial hearing when the parties did not request a hearing. Second, it alleges the trial court erred "in failing to dismiss [Employee's] claims in accordance with [the trial court's] prior order(s)."

Following the trial court's issuance of the June 2, 2016 order denying the SIF's motions, the SIF filed a motion to stay the proceedings pending its appeal, representing that it would timely appeal the trial court's June 2, 2016 order. The motion to stay the proceedings noted that the trial court's June 2, 2016 order scheduled an initial hearing on June 15, 2016, and asserted that "[i]n the event the Appeals Board modifies or reverses this Court's interlocutory order, it would be in the interest of judicial economy and efficiency to stay the Initial Hearing and further proceedings in this Court until prompt resolution of the appeal." On June 8, 2016, the trial court stayed the proceedings, finding "that a stay of these proceedings serves the interest of judicial economy." The June 8, 2016 order cancelled the June 15, 2016 initial hearing and arguably rendered the SIF's first issue on appeal moot. We note, however, that although Rule 0800-02-21-.12 does not explicitly authorize trial courts to schedule initial hearings where no party has requested a hearing, nothing in the regulations precludes a trial court from doing so. Specifically, Rule 0800-02-21-.13(1) requires parties to participate in an initial hearing "*no more than* thirty (30) calendar days after a request for hearing is filed," but the rule does not preclude the possibility that such a hearing could be scheduled by the court earlier. Tenn. Comp. R. & Regs. 0800-02-21-.13(1) (2015) (emphasis added). It is

---

which relief can be granted. Such a motion challenges only the legal sufficiency of the complaint or request for relief, not the strength of the proof. *See Bell ex rel. Snyder v. Icard, Merrill, Cullis, Timm, Furen & Ginsburg, P.A.*, 986 S.W.2d 550, 554 (Tenn. 1999) ("Such a motion admits the truth of all relevant and material averments contained in the complaint, but asserts that such facts do not constitute a cause of action as a matter of law."). Thus, a trial court should grant a Rule 12.02(6) motion to dismiss only when it appears the employee can prove no set of facts in support of the claim that would warrant relief. *Doe v. Sunquist*, 2 S.W.3d 919, 922 (Tenn. 1999).

consistent with common practice, applicable regulations, the Tennessee Rules of Civil Procedure, and the need to control its docket and the progress of cases to allow a trial court to set a scheduling hearing in the absence of a request by a party to do so.

The SIF's second issue questions the trial court's failure to dismiss Employee's claims pursuant to the trial court's January 13, 2016 order. In its brief, the SIF states "[t]he position of the SIF is that [Employee's] claim should have been dismissed for failure to show cause after being given a multitude of opportunities to do so." We note that a show cause hearing was held on January 12, 2016, and that the trial court issued a show cause order the following day granting Employee "time to decide how to proceed . . . until January 29, 2016, on which date the Court scheduled a telephonic Status Conference." No one appealed the January 13, 2016 show cause order or the February 5, 2016 status conference orders. Rather, the SIF filed motions to alter or amend the status conference orders on March 7, 2016, which the trial court denied in the order on appeal. Focusing on the trial court's explanation in the June 2, 2016 order on appeal addressing why the January 13, 2016 show cause order did not mandate dismissal of Employee's claims, the SIF contends that "based on the totality of the circumstances, it is clear that [Employee's attorney] in fact communicated to the Court on January 29, 2016, that he was filing a Request for Expedited Hearing, not a Request for Initial Hearing." Asserting that "[s]ince [Employee's attorney] was ordered to inform the Court which of the two hearings he intended to pursue and the Court did not schedule a compensation hearing at that time, an inference should be drawn that [the attorney] communicated to the Court he was pursuing an expedited hearing."

As noted in the SIF's brief, "no audio recordings of either January hearing were preserved." Beyond what the transcripts of the March 10, 2016 and May 18, 2016 hearings and the trial court's orders reveal, we cannot know what the "totality of the circumstances" might be, nor can we draw inferences concerning what a party or counsel communicated or represented to the court without the aid of transcripts of the proceedings or orders identifying such communications. It is the responsibility of the appealing party to ensure a complete record on appeal by either filing a transcript prepared by a licensed court reporter or, alternatively, filing a statement of the evidence. *See* Tenn. Comp. R. & Regs. 0800-02-22-.02(2). Here, transcripts of the March 10, 2016 and May 18, 2016 hearings were filed with the trial court, but neither transcripts of the January 12, 2016 and January 29, 2016 hearings nor a statement of the evidence presented in those hearings was included in the record. We are unable to discern the "totality of the circumstances" as suggested by the SIF without such transcripts.

Moreover, the January 13, 2016 order upon which the SIF relies included the following language that the SIF contends bound the trial court to a specific course of action that it failed to take:

If [Employee's attorney] informs the Court at the [January 29, 2016] Status Conference that his client intends to file a Request for Expedited Hearing, the Court will enter an order requiring that he file the Request for Expedited Hearing within five business days from January 29, 2016, or, failing such, his claim will be dismissed without prejudice. If [Employee's attorney] informs the Court at the Status Conference that his client requests an Initial (Scheduling) Hearing, the Court will schedule this claim for a Compensation Hearing.

In the order on appeal, the trial court addressed the January 13, 2016 order and concluded it did not mandate a dismissal of Employee's claims, stating "the condition precedent in the order for the Court's imposition of the five-day deadline to file Requests for Expedited Hearing never occurred; therefore, the Court was not under a self-imposed mandate to dismiss [Employee's] claims because he did not file Requests for Expedited Hearings within a deadline that never came into effect."

The January 13, 2016 orders were interlocutory in nature and did not resolve all of the issues or claims before the trial court. Thus, they were subject to revision by the trial court at any time before entry of a final order. *See* Tenn. R. Civ. P. 54.02 (An "order or other form of decision is subject to revision at any time before the entry of the judgment adjudicating all the claims and the rights and liabilities of all the parties."). Here, the trial court did not modify the January 13, 2016 order; rather, it interpreted its own order as not requiring dismissal of Employee's claims on the sole basis of Employee's not requesting an expedited hearing. Not knowing the "totality of the circumstances" as communicated or represented by the parties in the January 12, 2016 or January 29, 2016 hearings, we cannot say that the trial court erred in interpreting its own orders and denying the SIF's motion to alter or amend the February 5, 2016 status conference orders, or in denying the SIF's motion to dismiss Employee's claims.

*Discretion to Control Docket*

Before concluding, we must address the trial court's observations that "a majority" of the Appeals Board in *Smith v. The Newman Group*, No. 2015-08-0075, 2015 TN Wrk. Comp. App. Bd. LEXIS 30 (Tenn. Workers' Comp. App. Bd. Sept. 21, 2015), held that trial courts have the discretion to control their dockets. Specifically, the trial court observed that "a majority of the Appeals Board held [in *Smith*] that trial judges in the Court of Workers' Compensation Claims possess discretion to control the pace of litigation in their courts to ensure equitable and efficient disposition of the claims litigated therein." The trial court reiterated the point a second time, noting that "the majority in *Smith* held that a workers' compensation trial judge has broad discretion to manage its docket."

While we were divided in *Smith* as to whether the trial court acted within its discretion in denying an employer's motion to dismiss following a show cause hearing, the observations made by the trial judge in this case reflect an overly narrow construction of our views expressed in *Smith*. Consistent with well-established law, we were then, and are now, unanimous in our belief that a trial court has the necessary discretion to control the pace of litigation through the use of case supervision and docket management.[7] But we are also unanimous that such discretion is not without its limits. In *Smith*, we differed over where the discretionary line should be drawn under the particular circumstances presented in that case, but not over whether such discretion exists.

## Conclusion

For the foregoing reasons, we conclude that the trial court did not err in denying Transco Products' motion to dismiss Employee's claim or in denying the SIF's motions to alter or amend the status conference orders or to dismiss Employee's claims. We additionally conclude that the trial court's decisions did not violate any of the standards set forth in Tennessee Code Annotated section 50-6-217(a)(3). Accordingly, the trial court's decisions are affirmed and these consolidated cases are remanded for any further proceedings that may be necessary.

Timothy W. Conner, Judge
Workers' Compensation Appeals Board

---

[7] *See, e.g., Sissom v. Bridgestone/Firestone, Inc.*, No. M2011-00363-WC-R3-WC, 2012 Tenn. LEXIS 411, at *3 n.2 (Tenn. Workers' Comp. Panel June 20, 2012) ("trial judges have been charged with controlling the pace of litigation through the use of supervision and docket management which will ensure efficient disposition of civil cases"); *Lewis v. Dana Holding Corp.*, No. W2010-01863-WC-R3-WC, 2011 Tenn. LEXIS 461, at *9 (Tenn. Workers' Comp. Panel June 6, 2011) ("[a] trial court has broad discretion in managing its courtroom and docket").

FILED
July 27, 2016

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 1:04 P.M.



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Lazaro Valladares | )   Docket Nos.  2015-01-0117 |
| | )                          2015-01-0118 |
| v. | ) |
| | )   State File Nos.  91964-2014 |
| Transco Products, Inc., et al. | )                          39859-2014 |
| | ) |
| and | ) |
| | ) |
| Williams Specialty Services, et al. | ) |
| | ) |
| and | ) |
| | ) |
| Abigail Hudgens, Administrator of the | ) |
| Bureau of Workers' Compensation, | ) |
| Second Injury Fund | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims, | ) |
| Thomas Wyatt, Judge | ) |

---

**Concurring Opinion - Filed July 27, 2016**

---

I concur with the conclusions in the lead opinion that the trial court did not err in denying the motions at issue. Additionally, as noted in the lead opinion, the Appeals Board is unanimous in our belief that a trial court has the necessary discretion to control the pace of litigation through the use of case supervision and docket management and in our belief that such discretion is not without its limits.

I write separately to express my opinion that it was error for the trial court to analyze Transco Products' motion to dismiss under Rule 12.02(6) of the Tennessee Rules of Civil Procedure. In my opinion, the appropriate procedure Transco Products should have followed to present its disputed issue would have included (1) properly identifying the issue in the dispute certification notice filed with the Bureau, and (2) requesting that

1

the trial court hear its dispute on an expedited basis in accordance with Tennessee Code Annotated section 50-6-239(d) (2015).

Tenn. Comp. R. & Regs. 0800-02-21-.02(19) defines a petition for benefit determination as a "request for the [Bureau] to provide assistance in the resolution of any disputed issues in a workers' compensation claim." It further provides that "[a]ny party may file a petition for benefit determination, on a form approved by the [Bureau], with the [Bureau] at any time after a dispute arises in a claim for workers' compensation benefits." *Id.* The form approved by the Bureau provides a checklist from which the petitioner can select the type of relief being requested, and it includes an area for the petitioner to explain any disputed issues in addition to providing information about the employee, the employer, the injury, the insurance carrier, and whether the Second Injury Fund is involved. Although the Appeals Board has equated a petition for benefit determination to a complaint filed with the clerk of the court to commence a civil action, *see Duck v. Cox Oil Co.*, No. 2015-07-0089, 2016 TN Wrk. Comp. App. Bd. LEXIS 2 (Tenn. Workers' Comp. App. Bd. Jan. 21, 2016), it is essentially a fill-in-the-blank document and checklist intended to initiate a request that the Bureau provide assistance in resolving disputed issues in a workers' compensation claim.

Once a petition for benefit determination has been filed, the parties are required to participate in alternative dispute resolution measures designed to help the parties resolve claims by agreement. *See* Tenn. Code Ann. § 50-6-236(b) (2015). If the parties are unable to reach an agreement, the mediator prepares and issues a dispute certification notice, "setting forth all unresolved issues for hearing before a workers' compensation judge." Tenn. Code Ann. § 50-6-236(d)(1). However, "[n]o party is entitled to a hearing before a workers' compensation judge to determine temporary or permanent benefits . . . unless a workers' compensation mediator has issued a dispute certification notice setting forth the issues for adjudication by a workers' compensation judge." Tenn. Code Ann. § 50-6-236(d)(3)(A). *See also* Tenn. Code Ann. § 50-6-203(a) ("No request for a hearing by a workers' compensation judge . . . shall be filed with the court of workers' compensation claims, other than a request for settlement approval, until a workers' compensation mediator has issued a dispute certification notice certifying issues in dispute for hearing before a workers' compensation judge.").

Tennessee Code Annotated section 50-6-239(a) provides the procedure for "a party seeking further resolution of disputed issues" to present those issues to the workers' compensation judge. This section provides that such party "shall file a request for a hearing," and subdivision 50-6-239(b)(1) limits the issues that may be presented to those "issues that have been certified by a workers' compensation mediator within a dispute certification notice." Tenn. Code Ann. § 50-6-239(a), (b)(1) (2015). Here, Transco Products identified "compensability" as an issue in the dispute certification notice, but it did not include as a defense or as a disputed issue whether the petition for benefit determination fails to state a claim upon which relief can be granted. Instead of

2

requesting an expedited hearing to resolve the disputes identified in the dispute certification notice, Transco Products filed a separate motion to dismiss grounded in Rule 12 of the Tennessee Rules of Civil Procedure, which presented an issue that was not included or identified in the dispute certification notice. In its brief on appeal, it asserts that "[t]o test the sufficiency of Employee's pleading, [it] filed a Motion to Dismiss to determine whether Employee has set forth a valid claim for which relief can be granted."

Tennessee Code Annotated section 50-6-239(c)(1) provides that the Tennessee Rules of Civil Procedure "shall govern *proceedings at all hearings* before a workers' compensation judge unless an alternate procedural . . . rule has been adopted by the administrator." Tenn. Code Ann. § 50-6-239(c)(1) (emphasis added). "[T]he phrase 'proceedings at all hearings' as used in section 50-6-239(c)(1) encompasses all filings made by the parties as a result of any request for or notice of a hearing filed after the issuance of a dispute certification notice." *Syph v. Choice Food Group, Inc.*, No. 2015-06-0288, 2016 TN Wrk. Comp. App. Bd. LEXIS 18, at *13 (Tenn. Workers' Comp. App. Bd. Apr. 21, 2016). The filing with the Bureau of both a petition for benefit determination by any party and an initial dispute certification notice by a workers' compensation mediator occurs prior to any request for or notice of a hearing before the Court of Workers' Compensation Claims. Thus, the filing of these documents occurs before the point in time at which the Tennessee Rules of Civil Procedure have attached to the process. It necessarily follows that, at the time both a petition for benefit determination and an initial dispute certification notice are filed, neither is subject to the requirements applicable to a civil complaint or an answer to a civil complaint as contemplated in the Tennessee Rules of Civil Procedure.

In these consolidated cases, the analysis by both the trial court and in the lead opinion applies the pleading requirements of the Tennessee Rules of Civil Procedure to Employee's petition for benefit determination, but that analysis fails to address the procedure established in the Reform Act for presenting disputed issues to the trial court, focusing instead on whether the information in the petition for benefit determination states a claim upon which relief can be granted. In my opinion, this is an incorrect analysis. Neither analysis addressed whether Transco Products identified the issue in the dispute certification notice or whether Transco Products initiated the appropriate procedure for presenting the issue to the trial court by requesting an expedited hearing pursuant to Tennessee Code Annotated section 50-6-239(d). In my view, the purpose of the expedited hearing process is to allow any party the opportunity to have the trial court hear and resolve disputes over issues included in the dispute certification notice concerning the provision of benefits. *See* Tenn. Code Ann. § 50-6-239(d)(1). Transco Products failed to comply with section 50-6-239(a) when it did not request an expedited hearing, and it avoided the prohibition in section 50-6-239(b) against presenting issues not certified by the workers' compensation mediator by filing a motion to dismiss under Rule 12 of the Tennessee Rules of Civil Procedure. While I agree that the motion to

3

dismiss should have been denied, in my opinion, the trial court erred in analyzing Transco Products' motion to dismiss based on Rule 12.02(6).

 

                                                                            _____

                                                David F. Hensley, Judge
                                    Workers' Compensation Appeals Board



**FILED**

**July 27, 2016**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 1:04 P.M.**

**TENNESSEE BUREAU OF WORKERS' COMPENSATION
WORKERS' COMPENSATION APPEALS BOARD**

| | |
|---|---|
| Lazaro Valladares | ) Docket Nos. 2015-01-0117 |
| | ) 2015-01-0118 |
| v. | ) |
| | ) State File Nos. 91964-2014 |
| Transco Products, Inc., et al. | ) 39859-2014 |
| | ) |
| and | ) |
| | ) |
| Williams Specialty Services, LLC, et al. | ) |
| | ) |
| and | ) |
| | ) |
| Abigail Hudgens, Administrator of the | ) |
| Bureau of Workers' Compensation, | ) |
| Second Injury Fund | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims, | ) |
| Thomas Wyatt, Judge | ) |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 27th day of July, 2016.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| **Chad Rickman** | | | | | X | chad@loringjustice.com |
| **Joseph Ballard** | | | | | X | Joseph.Ballard@thehartford.com |
| **David Weatherman** | | | | | X | David.weatherman@zurichna.com |
| **Allison Lowry** | | | | | X | Allison.Lowry@tn.gov |
| **Thomas Wyatt, Judge** | | | | | X | Via Electronic Mail |
| **Kenneth M. Switzer, Chief Judge** | | | | | X | Via Electronic Mail |
| **Penny Shrum, Clerk, Court of Workers' Compensation Claims** | | | | | X | Penny.Patterson-Shrum@tn.gov |

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B,
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: Matthew.Salyer@tn.gov